**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:14CR00023 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BETH PALIN, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Michael J. Khouri, Khouri Law Firm, Irvine, California, for Defendant Beth Palin; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant Joseph D. Webb; Edward G. Stout, Curcio & Stout, Bristol, Virginia, for Defendant Mary Elizabeth Curtiss.*

In this criminal case, in which the defendants are accused of health care fraud and related offenses, I will grant the government's Motion to Require Defendants to State Reasons for Challenge of Authenticity of Records (ECF No. 170).

I.

The indictment in this case alleges that the defendants participated in a conspiracy to defraud Medicare, Virginia Medicaid, and TennCare by ordering and billing for unnecessary drug screen tests in violation of 18 U.S.C. § 1347, and paid and received illegal remunerations in violation of 42 U.S.C. § 1320a-7b(b)(1)(A) and (b)(2)(A).

In the course of trial preparations, counsel for the government sent the defendants' counsel certificates of authenticity for certain records that had been produced in discovery and asked whether the defendants had any objections to the authenticity of the documents. Counsel for defendant Palin indicated that Palin objected on all possible grounds, including authenticity, to the specified documents as well as to all other evidence that the government intended to offer at trial. The government then filed a Motion to Require Defendants to State Reasons for Challenge of Authenticity of Records.

At oral argument on this and other pretrial motions, counsel for defendant Palin did not articulate any particular concern with any of the records at issue. Rather, counsel for Palin simply stated that his client had the right to object to the admissibility of the records. Palin's counsel did not point the court to any legal authority in support of such a right.

Under the applicable rules of evidence, Palin bears the burden of establishing that the records in question are untrustworthy. Therefore, I will grant the government's motion and require the defendants to state the reasons for any objections to the documents at issue no later than November 1, 2015.

II.

Rule 803(6) of the Federal Rules of Evidence states that a "record of an act, event, condition, opinion, or diagnosis" is not excluded as hearsay, "regardless of whether the declarant is available as a witness," if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). The rule creates a presumption of admissibility; if the proponent establishes subparagraphs (A)-(C) — either by testimony of a custodian or by submission of a proper certification — and the opponent does not show circumstances indicating that the documents are untrustworthy, then the documents are deemed to be admissible nonhearsay (barring any objections on other grounds, such as relevance or undue prejudice).

Correspondingly, Rule 902(11) provides that the following type of document is self-authenticating:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). Documents accompanied by a proper certification showing compliance with the requirements of Rule 803(6)(A)-(C) "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902.

A review of the advisory committee notes to Rule 806(3) shows that the committee sought to relieve proponents of business records of the cumbersome requirement to secure live testimony of records custodians. The advisory committee note to the 1972 proposed rule indicates that the committee "concentrated considerable attention upon relaxing the requirement of producing as witnesses, or accounting for the nonproduction of, all participants in the process of gathering, transmitting, and recording information which the common law had evolved as a burdensome and crippling aspect of using records of this type." Fed. R. Evid. 803(6) advisory committee's note to 1972 proposed rules. The note to the 2000 amendment states that "the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." Fed. R. Evid. 803(6) advisory committee's note to 2000 amendment. The note goes on to state that "[p]rotections

are provided by the authentication requirements of Rule 902(11) for domestic records." *Id.*

Finally, the advisory committee note to the 2014 amendments plainly indicates that a blanket, unspecific objection such as that asserted by Palin is not sufficient. The note states:

> The Rule has been amended to clarify that if the proponent has established the stated requirements of the exception — regular business with regularly kept record, source with personal knowledge, record made timely, and foundation testimony or certification — then the burden is on the opponent to show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. . . . It is appropriate to impose this burden on opponent, as the basic admissibility requirements are sufficient to establish a presumption that the record is reliable.

Fed. R. Civ. P. 803(6) advisory committee's note to 2014 amendments. Affirmative evidence of untrustworthiness is not necessarily required; "the opponent might argue that a record was prepared in anticipation of litigation and is favorable to the preparing party without needing to introduce evidence on the point." *Id.* Clearly, however, the opponent bears the burden of articulating some reason for objecting to authenticity. The rules and advisory committee notes do not expressly state that such a showing must be made in advance of trial, but a key purpose of Rule 803(6) is to relieve the proponent of the need to produce custodians as witnesses at trial. The rationale of the rule would be undermined if

an opponent of a record were permitted to wait until trial to state its grounds for challenging the record.

Here, the government has provided to the defendants certificates showing compliance with Rule 803(6)(A)-(C). The government has given defense counsel reasonable notice of its intent to offer these records as evidence at trial. Palin has stated a blanket objection to the records but has not "show[n] that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E). Therefore, I will grant the government's motion and require the defendants to file, by November 1, 2015, any evidence or argument tending to indicate that the records at issue are untrustworthy. If the defendants fail to make such a showing by November 1, 2015, the records will be deemed authentic and nonhearsay.

### III.

For the foregoing reasons, it is **ORDERED** that the Motion to Require Defendants to State Reasons for Challenge of Authenticity of Records (ECF No. 170) is GRANTED. The defendants must file the grounds of any challenge no later than November 1, 2015.

ENTER: September 23, 2015

/s/  James P. Jones
United States District Judge