# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14CR00023 |
| v. | **OPINION AND ORDER** |
| BETH PALIN, ET AL., | By: James P. Jones |
| Defendants. | United States District Judge |

*Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Michael J. Khouri, Khouri Law Firm, Irvine, California, for Defendant Beth Palin.*

Defendant Beth Palin has moved for a stay of sentence and a continuation of her release pending appeal. For the following reasons, I will deny the defendant's motion.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal. Fed. R. Crim. P. 38(b)(1). The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in accord with the applicable provisions of the Bail Reform Act. *See* Fed. R. App. P. 9(c). That Act provides, in pertinent part, that the court:

> [S]hall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds —

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

While I am able to make the requisite finding contained in subsection (A) of § 3143(b)(1), I cannot find that the appeal raises a substantial question of law or fact, as required in subsection (B). In this context, a "substantial question" is "'a "close" question or one that very well could be decided the other way.'" *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Whether a question is substantial is decided on a case-by-case basis. *Id.*

In this case, Palin was convicted following a bench trial of health care fraud and conspiracy to commit health care fraud. I set forth my findings of fact in a lengthy written opinion (ECF No. 297), and I later issued another opinion analyzing and denying the defendants' motions for judgment of acquittal and new

2

trial, (ECF No. 347). Palin was sentenced on August 15, 2016, to 36 months of imprisonment, a sentence below the applicable advisory guideline range for reasons stated on the record. She was allowed to self-report to prison. She has filed a notice of appeal.

Based on the briefs filed in support of Palin's motion for release, her forthcoming appeal will raise the same arguments that were rejected in her earlier motion for judgment of acquittal or, alternatively, for new trial. Palin identifies two issues that she intends to raise on appeal: "(1) there was no evidence that Defendant fraudulently billed health care insurers and (2) the new legal precedent outlined by the Supreme Court in *Universal Health Services v. United States* after the Court's verdict necessitates a new trial." (Def. Beth Palin's Mot. for Release Pending Appeal 1, ECF No. 346.)

However, for the reasons provided in my opinion denying the defendants' motions for judgment of acquittal or, alternatively, for new trial, the sufficiency of evidence issues identified by Palin do not present a "substantial question of law or fact" justifying her release pending appeal. 18 U.S.C. § 3143(b)(1)(B). Although Palin contends that she should have been acquitted because the health care benefit programs knew the frequency with which patients were being given urine drug screens and paid the submitted claims anyway, the evidence showed that the benefit programs were unaware that non-medical professionals were deciding

3

which patients would receive which tests based on their insurance status, rather than on a physician's case-by-case determination of medical necessity. It is true that Palin and her associates billed insurers for tests that were actually performed, but it is also true that those tests were unnecessary in most cases. For these reasons, I find that Palin's arguments are still unpersuasive regarding the sufficiency of the evidence supporting her convictions. I remain convinced that there was sufficient evidence to support my verdicts, and I do not believe that the arguments raised by Palin create a substantial question.

Regarding the Supreme Court's decision in *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989 (2016), I do not agree with Palin that the Court "changed the definition of an essential element of the crime for which Defendant is convicted." (Def. Beth Palin's Mot. for Release Pending Appeal 4, ECF No. 346.) For one, *Universal Health Services* involved a different law than the statute Palin was convicted of violating. Thus, there is reason to question whether the case has any direct applicability to Palin's case. Moreover, the False Claims Act, which was at issue in *Universal Health Services*, contains a materiality requirement and defines material as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). The Court did not change that definition; it merely expounded upon the statutory definition and clarified what the word "material" encompasses and

4

does not encompass in cases where the government proceeds on a theory of implied false certification. *Universal Health Servs., Inc.*, 136 S. Ct. at 1995-96.

Unlike the False Claims Act, the criminal health care fraud statute under which Palin was convicted does not use the term "material." *See* 18 U.S.C. § 1347(a). But even if the *Universal Health Services* standard of materiality applies here, the misrepresentations at issue in this case easily satisfy that standard. As I explained in my opinion denying the defendants' post-trial motions, the affected health care benefit programs would not have paid the claims submitted had they known that the urine drug screens that had been performed were not medically necessary for patient diagnosis or treatment. Whether the fraud perpetrated by Palin was material is not a close question. Therefore, the requirements of 18 U.S.C. § 3143(b)(1) are not met here.

For the foregoing reasons, I do not find that there is a substantial question on appeal that would allow me to stay Palin's sentence and permit her release pending appeal. Accordingly, it is **ORDERED** that Defendant Beth Palin's Motion for Release Pending Appeal (ECF No. 346) is DENIED.

            ENTER: August 22, 2016

            /s/ James P. Jones
            United States District Judge